UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

PATRICIA BLACK )
)
v. ) NO. 2:04-CV-422
)
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

## MEMORANDUM OPINION

The plaintiff Patricia Black has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for disability insurance benefits and supplemental security income under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Black was born in 1952 and was 52 years old at the time of her administrative hearing. [Tr. 32]. She graduated high school and has relevant past work experience as an assembly line worker. [Tr. 15, 32]. Ms. Black alleges she is disabled as of April 2, 2002, from depression, nerves, arthritis, macular degeneration, high blood pressure, back problems, migraine headaches, varicose veins, anxiety, and high cholesterol and triglycerides. [Tr. 15]. Based upon a finding that she did not experience a severe physical or mental impairment that imposed significant work-

related limitations, the Administrative Law Judge [ALJ] found that Ms. Black was not disabled as defined by the Social Security Act. [Tr. 17].

At Ms. Black's administrative hearing held on July 22, 2004, the testimony of Ms. Black and vocational expert Cathy Sanders was received into evidence. [Tr. 31-50]. Ms. Black testified she worked for 10 years at Plus Mart as an assembly line operator. [Tr. 33]. She was laid off from the factory in November 2001. [*Id.*]. In April 2002, the company called her to return to work. [*Id.*]. During her return, she was on sick leave and laid off again. [Tr. 33-34]. When she was called back again in 2003, Ms. Black told the company she was unable to work any more. [Tr. 34]. She testified she was unable to work now because her lower back, feet, and legs hurt. [Tr. 34-35]. She has trouble sleeping at night and uses a TENS unit two to three times a day for back pain. [Tr. 39, 40]. Ms. Black testified she can drive a car, occasionally prepare meals for her family, watch television, and visit relatives. [Tr. 38].

Vocational expert Cathy Sanders testified next. [Tr. 41-49]. She classified Ms. Black's prior relevant work as an assembly line operator as light and unskilled. [Tr. 41]. The ALJ then asked Ms. Sanders to consider a person who was of Ms. Black's height, weight, education, and work background who retained the residual functional capacity [RFC] to perform work at a full-time level and an emotional disorder which further restricted her ability to perform some work-related activities. [Tr. 41-42,

256]. The vocational expert indicated such a person could work as a cleaner, machine tender, hand packager, shipping and receiving clerk, machine feeder, sorter, inspector, assembler, and cashier. [Tr. 42-43]. If such a person was restricted in the manner Dr. Richard Aasheim indicated Ms. Black was[1], the vocational expert testified she could not perform any of these jobs. [Tr. 43].

Ms. Black's attorney also asked the vocational expert to consider the report of Dr. Norman Hankins regarding two manual dexterity tests he administered to Ms. Black. [Tr. 43, 261-65]. The vocational expert testified that Dr. Hankins found Ms. Black to be in the third percentile of the Minnesota Rate Test, "an extremely way below normal finding." [Tr. 44]. And, her rating on the Purdue Peg Board Test indicated her total assembly score was 30 percent, with a score of at least 60 percent needed to obtain most jobs. [*Id*.]. As a result, considering these findings, the vocational expert testified there "would be no jobs" for Ms. Black to perform. [*Id*.].

When questioned more by the ALJ, however, the vocational expert clarified that a person like Ms. Black might be able to work as an information clerk, greeter,

---

[1] Dr. Aasheim completed a Medical Activity Assessment form for Ms. Black in February 2004. [Tr. 258-59]. The doctor indicated Ms. Black could not perform even sedentary work because of degenerative disc disease and low back pain. [Tr. 259]. Specifically, she would require frequent rest periods during the workday, was unable to lift more than five pounds, should avoid stress and temperature extremes, and would be absent every day of the month from illness or medical treatment. [Tr. 258].

3

parking lot attendant, counter clerk, ticker clerk, hostess, and general office clerk. [Tr. 45-46].

The ALJ ruled that Ms. Black was not disabled because he concluded that she did not "experience a severe physical or mental impairment imposing significant work-related limitations." [Tr. 17]. The ALJ then found that Ms. Black could return to her past relevant work as an assembly line worker. [Tr. 18-19]. In the alternative, the ALJ noted that even if Ms. Black did experience the dexterity problems detailed in Dr. Hankins' report, there would still be a significant number of jobs she could perform. [Tr. 18].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

4

Ms. Black requests a judgment on the pleadings and challenges the ALJ's interpretation of the vocational expert's testimony. First, Ms. Black argues that the ALJ ignored the vocational expert's testimony that no jobs would exist for her if the limitations set out by Dr. Richard Aasheim were accepted. The ALJ did not ignore the testimony. As the ALJ explained in his decision, the opinion of Dr. Aasheim--that Ms. Black was incapable of even sedentary work--was "not only inconsistent with his own treatment records, but with the overall medical evidence of record." [Tr. 17]. The ALJ explained that Dr. Aasheim recommended to Ms. Black medication, heat, physical therapy, and more exercise when her back hurt in 1999. [*Id.*]. The doctor never referred her to a orthopaedist for an evaluation or recommended significant treatment for her pain. [*Id.*]. Because this court finds the ALJ's rejection of Dr. Aasheim's opinion was made with substantial evidence, it also finds that the ALJ properly disregarded the vocational expert's testimony in that vein.

Ms. Black's second complaint about the ALJ's interpretation of the vocational expert's testimony is that he disregarded Ms. Sanders' opinion concerning Dr. Hankins' dexterity test results. To the contrary, the ALJ accepted Ms. Sanders' opinion in that regard by stating that he agreed with Ms. Sanders' testimony that Ms. Black could work in various positions *even with* the dexterity problems noted by Dr. Hankins. [Tr. 18]. As such, Ms. Black's argument that Ms. Sanders' testimony was

5

disregarded is erroneous.

Ms. Black also argues the ALJ erred in his determination that her complaints of pain were "not credible or supported by the overall medical evidence of record." [Tr. 18]. According to the ALJ, Ms. Black had no documented complaints of back pain for several years. [*Id.*]. In addition, she claimed to shop, pay bills, drive, clean her house, watch television, and listen to the radio. [*Id.*]. The ALJ also noted that when called to return to work in April 2002, Ms. Black did not. [*Id.*]. Based on the above, the ALJ had substantial evidence to conclude that some of Ms. Black's allegations were not credible. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

After careful consideration of the entire record of proceedings related to this case, Ms. Black's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

        ENTER:

                                  s/Thomas Gray Hull
                                  THOMAS GRAY HULL
                                    SENIOR U. S. DISTRICT JUDGE